

206047

ORIGINAL

DKM/rl

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

SEP 2 6 2006

CLERK, U.S. DISTRICT COURT
By _____
              Deputy

## IN THE UNITED STATED DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| NCR CORPORATION,<br>Plaintiff | § § § | C. A. NO. **3-06 CV 1760 M** |
| v. | § § | **JURY DEMAND** |
| PEGASUS LOGISTICS GROUP, INC.,<br>Defendant. | § § § § | |

## COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, NCR Corporation ("NCR"), Plaintiff in the above-entitled and numbered cause, complaining of Pegasus Logistics Group, Inc. ("Pegasus") hereafter called "Defendant" or "Pegasus" herein, and in support would show the Court as follows:

### I.

Plaintiff, NCR Corporation ("NCR") is a Maryland corporation or similar entity, with a Texas certificate of authority, which was the shipper of the cargo in question, and brings this action on its own behalf, and on behalf of, and for, the interests of all parties who may be, or become, interested in the goods in question.

### II.

Defendant, Pegasus Logistics Group, Inc. ("Pegasus"), was, and now is, a Texas corporation, or similar entity, with the power to sue and be sued, which regularly does business in Texas as a common carrier, freight forwarder and/or warehouseman of goods. Pegasus does maintain a registered agent in the state of Texas, and thus may be served through its registered

agent:  Mr. Kenneth C. Beam, 615 Freeport Parkway, Suite 100, Coppell, Texas 75019, or in care of its President Mr. Kenneth Beam, at P.O. Box 370, Grapevine, Texas 76099.

### III.

### JURISDICTION

Plaintiff bases the jurisdiction of this Court on Surface Transportation Board Jurisdiction, 49 U.S.C. § 14706, et. seq., and the amount in controversy, which exceeds $10,000.00 per load of freight carried, and/or diversity, 28 U.S.C. § 1332, and the fact that the loss in question exceeds $75,000.00, and the pendent jurisdiction of this court.

### IV.

### VENUE

Venue applies in the Northern District of Texas – Dallas Division.  Defendant is incorporated in Texas and has offices at 615 Freeport Parkway, Suite 100, Coppell, Texas 75019, and/or P. O. Box 370, Grapevine, Texas 76099, in the Northern District of Texas.  Venue therefore applies in the Northern District of Texas, since it is a district through which Pegasus does business, 49 U.S.C. § 14706(d)(1).

### V.

### GENERAL

Whenever Plaintiff alleges that Defendant did any act or thing, it is meant that Defendant's officers, agents, servants, employees or representatives, did such act of thing, and that at the time such act of thing was done with the full authorization or ratification of Defendant, or were done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees or representatives.

## VI.

## ICC TERMINATION ACT OF 1995 COUNT, AND FACTS FOR FOLLOWING COUNTS

On or about November 17, 2005, Pegasus received, in Richmond, Virginia, in good order and condition, a cargo of one computer server to be shipped from Richmond, Virginia to Columbia, South Carolina.   This cargo will hereafter be referred to herein as "cargo", "computer", or "goods."   Pegasus received the cargo in good order and condition with instructions to carry same from Virginia to South Carolina.  Pegasus was supposed to carry, store and redeliver the cargo of one computer server, in good order and condition, to Columbia, South Carolina for Plaintiff, NCR Corporation.

Defendant, Pegasus undertook to carry the cargo to South Carolina, and maintain the cargo in the same good order and condition, as when delivered to Pegasus.  Pegasus did not maintain the cargo in good order and condition during all of the carriage, and delivered it damaged in South Carolina.  The cargo was found to be damaged during Pegasus' carriage.  The cargo was damaged due to the negligence of Pegasus during the carriage.  The monetary loss incurred to Plaintiff's as a result of the damaged delivery of the goods was $87,238.00, for which Plaintiff demands recovery from Defendant.

## VII.

## NEGLIGENCE

Defendant Pegasus undertook duties as:

1.      securement providers,

2.      carriers,

3.      handlers,

4.      freight forwarders, and/or

5.      warehousemen of the cargo.

The cargo was found to be damaged upon delivery due to Defendant, Pegasus's negligent:

1.      securement,

2.      dunnaging,

3.      negligent instruction of others,

4.      their negligent handling, carriage, securement and/or

5.      defects in the trucks/trailers in which the cargo was carried.

### VIII.

Defendant Pegasus were negligent as follows:

1.      in failing to provide adequate securement methods,

2.      negligent entrustment to third parties,

3.      for failing to take adequate precautions to prevent damage during the carriage,

4.      negligent entrustment of goods to third parties which were under-insured, and/or were ill-equipped for, or were under-informed concerning the securement of the cargo,

5.      for negligent instruction of those they hired,

6.      for failing to provide proper securement of the cargo during its carriage from Virginia to South Carolina, and/or

7.      for carrying the cargo in a trailer which was defective, from a securement and cargo safety  standpoint.

These acts and/or omissions constituted a breach of the duties of care owed by Defendant, Pegasus to Plaintiff, and/or proximately caused the loss, and/or damage in question.

## IX.

## RES IPSA LOQUITUR COUNT

Plaintiff further relies on the doctrine of <u>res ipsa loquitur</u>, as the computer server was damaged while within the care and/or custody of the Defendant, which, in the ordinary course of events, would not have occurred without negligence on the part of the Defendant, which negligence proximately caused the loss in question.

## X.

## CONTRACT BREACH

In the alternative, and without waiving the above causes of action, Defendant entered into a contract with the Plaintiff, or their agents, to carry, prepare for shipment, warehouse, provide securement for, and/or transport (in the complete quantity and in good condition) the cargo of one computer server from Virginia, to its planned destination, Columbia, South Carolina. Defendant is also liable for negligent instruction, and/or entrustment of the goods to third-parties and/or drivers, to whom they may have entrusted carriage, warehousing and/or securement responsibilities. Defendant failed to deliver all of the merchandise to the assigned destination, in Columbia, South Carolina, in the same condition and quantity as they received it. Defendant thus breached its contract of carriage, its bailment contract, its duties as carrier, freight forwarder, and/or securement provider, and its duties and obligations as a common carrier of goods, which breached proximately caused the loss in question.

## XI.

In the alternative, Plaintiff claims that Defendant Pegasus had a contract with Plaintiff to properly carry the cargo and secure the cargo during carriage to South Carolina from Virginia. Plaintiff is a beneficiary to that contact. Pegasus violated the terms of its agreement with Plaintiff, or their agents:

1.   for failing to provide reasonable, or adequate, securement, trailer equipment, and/or dunnaging for the computer server, and/or

2.   for negligent instruction of subcontractors, which would have provided for: a) the cargo's securement, b) proper supervision , and/or instruction, of those entrusted with refrigeration responsibility, and/or c) safe carriage during its storage and movement from Virginia to South Carolina, and/or

3.   Defendant Pegasus is liable for the defective, and/or deficient equipment utilized during the carriage and/or storage of the cargo of one computer server.

This negligence, and/or contract breach, led, or contributed to, the damage to the cargo in question.

## XII.

## BREACH OF BAILMENT OBLIGATIONS

In the alternative, and without waiving the above causes of action, Defendant was a carrier, warehouseman, and/or bailee, of Plaintiff's computer server, and had a duty to exercise the requisite care, and/or to insure that their hirelings exerted the requisite care: in providing proper securement and air ride equipment, and transporting, storing and/or forwarding for the NCR computer server in transit from Virginia to South Carolina.

## XIII.

## VIOLATION OF DUTY UNDER STANDARD OF CARE

Defendant Pegasus, failed to exercise the requisite care and protection of the cargo, failed to properly instruct others, and/or failed to safely deliver the one computer server to South Carolina, in the same condition as they received it.  Defendant thus breached its duties as a

carrier, securement provider, cargo handler, warehouseman and/or bailee, which breach proximately, caused the loss in question.

## XIV.

## TRAILER DEFECT ALLEGATION

In the alternative, Plaintiff alleges that the trailer utilized by Defendant, Pegasus during the course of transit, was not an operative air-ride trailer. The trailer in which the computer server was damaged, also had certain inherent defects which led to the in question, for which Defendant is liable.

## XV.

## AD DAMNUM CLAUSE AND CLAIM FOR
## ATTORNEY'S FEES ON NON-ICC COUNTS

As a direct result of the activities above, Plaintiff suffered losses in the amount of $87,238.00, as nearly as same can now be estimated. Plaintiff retained the undersigned attorneys to present their claims to Defendant, and their claims have been presented to Defendant more than thirty (30) days ago. However, the claims have not been paid, although duly demanded. Therefore, pursuant to Chapter 38 of the Tex. Civ. Prac. & Rem. Code Ann., Plaintiff further seeks reasonable attorney's fees in the amount of $28,000.00. Plaintiff further seeks all reasonable attorney's fees incurred in any future appeals. Plaintiff has performed all conditions precedent necessary to allow recovery.

## XVI.

## JURY DEMAND

Plaintiff requests trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court issue a summons to Defendant, Pegasus, requiring them to appear, and that this Court award judgment

to Plaintiff and against Defendant, including damages of $87,238.00, reasonable attorney's fees of $28,000.00, pre-judgment interest, post-judgment interest, costs of the court, all reasonable attorney's fees incurred in any future appeals, and such other and further relief to which Plaintiff may show itself to be justly entitled.

Respectfully submitted,

DANA K. MARTIN
SDTX I.D. No.:   126
Texas Bar No.: 13057830
712 Main Street, Suite 1515
Houston, Texas 77002
Telephone:      (713) 222-1515
Direct Line:    (713) 457-2287
Telefax:        (713) 222-1359
Email:          dmartin@hillrivkins.com

ATTORNEY IN CHARGE FOR
PLAINTIFF NCR CORPORATION

OF COUNSEL:

HILL RIVKINS & HAYDEN LLP

JS 44 (Rev. 11/04)   ORIGINAL

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
NCR CORPORATION

## DEFENDANTS
PEGASUS LOGISTICS GROUP, INC.

**RECEIVED SEP 26 2006**
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Dana K. Martin, Esq., Hill Rivkins & Hayden LLP
712 Street, Suite 1515, Houston, TX 77002

Attorneys (If Known)

**3-06 CV 1760 M**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☒ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity)
Brief description of cause: 49 U.S.C. § 14706, 28 U.S.C § 1332, Breach of contract/carriage agreement

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 87,238.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE 9/25/06   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____